UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE R. COLBERT,

    Plaintiff,

v.

Case No. 25-cv-11830
Honorable Linda V. Parker

MARGARET ROBERTSON,
GREGORY ROBERTSON,
DIAMOND M. COLBERT, and
BRANDI L. ROBERTSON,

    Defendant.
_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

On June 18, 2025, Plaintiff filed this lawsuit against Defendants. (ECF No. 1.) On the same date, Plaintiff also filed an application to proceed in forma pauperis ("IFP") pursuant to 19 U.S.C. § 1915. (ECF No. 2.) Plaintiff filed a substantially identical lawsuit against three of the four named individuals named here in April 2025, which the Court summarily dismissed for lack of jurisdiction.[1] As the Court did before, it is granting Plaintiff leave to proceed IFP but is

---

[1] Plaintiff previously named Breanna C. Robertson instead of Brandi L. Robertson; however, the claims and the reasons for dismissal remain unchanged despite this difference.

summarily dismissing the Complaint without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2).

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997).  Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  While a reviewing court must liberally construe pro se pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009).

In the Complaint, Plaintiff claims that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (ECF No. 1 at PageID.3.)  Section 1331 confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Plaintiff only claims slander and fraud, which are state-law claims.  A federal claim is not

plausibly alleged even when construing the pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, federal subject matter jurisdiction cannot be based on § 1331.

Nor is diversity jurisdiction plausibly alleged to confer federal subject matter jurisdiction under 28 U.S.C. § 1332. While Plaintiff pleads damages exceeding $75,000, Plaintiff and Defendants are all Michigan citizens. Therefore, diversity jurisdiction under § 1332 is lacking as well.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) due to a lack of subject matter jurisdiction.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 1, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 1, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager